# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>BUFFET CONCEPTS, INC., et al.,<br><br>    Defendants. | Case No. 1:24-cv-01153-KES-SAB<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO SERVE DEFENDANT HALLAIAN BROTHERS, LLC BY SERVING THE CALIFORNIA SECRETARY OF STATE WITHOUT PREJUDICE<br><br>(ECF No. 8) |

Currently before the Court is Plaintiff's application to serve Defendant Hallaian Brothers, LLC by serving the California Secretary of State, filed on December 24, 2024. (ECF No. 8.) For the following reasons, the Court denies Plaintiff's application without prejudice.

## I.

## BACKGROUND

On September 27, 2024, Plaintiff initiated this action alleging violations of the Americans with Disabilities Act ("ADA") and related California law against Defendants Buffet Concepts, Inc.[1] and Hallaian Brothers, LLC. (ECF No. 1.) The same day, summonses were issued for each Defendant. (ECF No. 2.)

Defendant Hallaian Brothers, LLC is a California limited liability company which purportedly owns the real property where the business subject to the alleged ADA violations is located. (ECF No. 8 at 2.) The statement of information filed with the Secretary of State of California on May 3, 2023, indicates that the agent for service of process for Hallaian Brothers,

---

[1] On November 19, 2024, Plaintiff filed proof of service on Defendant Buffet Concepts, Inc. (ECF No. 5.) On December 19, 2024, the Clerk of Court entered default against Defendant Buffet Concepts, Inc. (ECF No. 7).

LLC is Frank M. Hallaian.  (ECF No. 8-2 at 2-3.)  The address listed in the statement of information for both Defendant Hallaian Brothers, LLC and Mr. Hallaian is 7589 N. Wilson, Suite 104 in Fresno, California 93711.  The statement of information also identifies Jo Ann Lee Hallaian as a manager or member of Defendant Hallaian Brothers, LLC and provides a separate address on N. San Rafael in Fresno, California.

Plaintiff asserts by declaration that he attempted to serve Defendant Hallaian Brothers, LLC seven times through its registered agent, Mr. Hallaian.  Five unsuccessful attempts to personally serve Mr. Hallaian were made at various times on five consecutive weekdays between November 8 and November 14, 2024 at the address listed on the statement of information.  For each attempt, the process server noted the door was locked and the business was closed.  (ECF No. 8-2 at 5.)  Over one month later, on December 18, 2024, Plaintiff's process server made an unsuccessful attempt to serve Mr. Hallaian at a gated residential address, which was discovered by Plaintiff's counsel through a public records search.  (ECF No. 8-1 at 2-3; ECF No. 8-2 at 9.)  The process server spoke to a female via a callbox and was informed that Mr. Hallaian was not at home and that all legal documents should go to the office address listed on the statement of information.  (Id.)  Although not documented on any affidavit by the process server, Plaintiff represents by declaration that the process server made an additional attempt to serve Mr. Hallaian at the office following the unsuccessful attempt at Mr. Hallaian's residence.  (ECF No. 8-1 at 3.)

Plaintiff also made five attempts to personally serve Ms. Hallaian at the address listed on the statement of information.  (Decl. ¶ 8-2 at 7.)  Out of five attempts on different days at different times, the process server made contact with someone inside the residence on the second attempt, at which time the process server was informed that Ms. Hallaian was out of town and would return on Wednesday or Thursday.  The following three attempts were unsuccessful as there was no response at the door and no vehicles at the residence.  (ECF No. 8-1 at 2; ECF No. 8-2.)

## II.

## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure provides that proper service of a limited liability corporation can be made "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Section 17701.16(b) of the California Corporations Code provides that an LLC may be served by "[p]ersonal service of a copy of any process against the limited liability company…by delivery (1) to any individual designated by it as agent...." Cal. Corp. Code § 17701.16(b). However,

> "if the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company…cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon a domestic limited liability company…by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service. Service in this manner shall be deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 17701.16(c).

In determining whether a plaintiff has exercised "reasonable diligence," a court must examine the affidavit presented to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 333 (1978); see also Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995) ("The term 'reasonable diligence'... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that the myriad of avenues have been properly exhausted to warrant service by section 415.50. Donel, 87 Cal. App. 3d at 333.

The Court will consider in turn whether Plaintiff has "shown by affidavit" that process against Defendant Hallaian Brothers, LLC "cannot be served with reasonable diligence upon"

the registered agent, Mr. Hallaian, in the manner provided by Sections 415.10, 415.20(a), or 415.30 of the California Code of Civil Procedure. See Cal. Corp. Code § 17701.16(c).

First, section 415.10 of the California Code of Civil Procedure provides for service of the summons and complaint by personal delivery to the person to be served. Here, Plaintiff made six attempts to personally serve Mr. Hallaian at the address provided by the statement of information. (ECF No. 8-1 at 2-3.) Plaintiff made the attempts on various weekdays during business hours. Further, Plaintiff engaged in additional research of public records, successfully located Mr. Hallaian's gated residence, and attempted to effectuate personal service there. The Court finds Plaintiff has sufficiently shown by affidavit that process cannot be accomplished with reasonable diligence by personal delivery to Mr. Hallaian.

Additionally, section 415.20(a) provides for substitute service, where "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office…with the person who is apparently in charge thereof…." Cal. Civ. Proc. Code § 415.20(a). As noted, Plaintiff attempted service at Mr. Hallaian's office address at 7589 N. Wilson, Suite 104 in Fresno, California 93711 on five different weekdays at various times. The door was locked, and the business was purportedly closed, thus precluding substitute service on a person apparently in charge of the office. (ECF No. 8-2 at 5.) Additionally, Plaintiff represents by declaration that the process server made a sixth attempt to serve Mr. Hallaian at the office on an unspecified date after the unsuccessful December 18, 2024 attempt at Mr. Hallaian's residence. (ECF No. 8-1 at 3.) Plaintiff also attempted to serve the only other listed member or manager of the LLC, Ms. Hallaian, on five separate occasions at her residence. (ECF No. 8-2 at 7.) The Court finds Plaintiff has sufficiently shown by affidavit that substitute service pursuant to section 415.20(a) could not be accomplished through reasonable diligence.

The third method of service referenced in section 17701.16(c) of the California Code of Corporations is Section 415.30(a) of the California Code of Civil Procedure, which provides for service by mail. Service under section 415.30 "is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Cal. Code. Civ. Proc. § 415.30(c). Here, neither Plaintiff's motion nor

his process server's affidavit mentions any attempt of service by mail.  Plaintiff therefore fails to "show[] by affidavit to the satisfaction of the court that process against a limited liability company…cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in…subdivision (a) of Section 415.30 of the Code of Civil Procedure."  Cal. Corp. Code § 17701.16(c);  see Floyd v. Saratoga Diagnostics, Inc., No. 20-CV-01520-LHK, 2020 WL 3035799, at *3 (N.D. Cal. June 5, 2020) (denying Plaintiff's motion to authorize alternative service on an entity defendant via the California Secretary of State because Plaintiff failed to adequately establish by affidavit his attempts to substantiate service by mail pursuant to section 415.30(a).)  Accordingly, the Court finds that Plaintiff has not demonstrated by affidavit that service under 415.30(a) cannot, with reasonable diligence, be made on Defendant Hallaian Brothers, LLC.

Based on the foregoing, the Court denies without prejudice Plaintiff's application to serve Defendant Hallaian Brothers, LLC by serving the California Secretary of State.  To allow Plaintiff adequate time to cure the deficiencies identified herein, the Court will grant Plaintiff an extension of time to file a motion that includes an affidavit that shows that service by mail under section 415.30 cannot be effectuated with reasonable diligence.

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to serve Defendant Hallaian Brothers, LLC in this action by service on the Secretary of State is DENIED without prejudice.  The Court grants Plaintiff a **thirty (30) day** extension of time to effect service of process on Defendant Hallaian Brothers, LLC.  Any proof of service, renewed motion for service by alternative means, or additional request for extension of time supported by good cause shall be filed within **thirty (30) days** of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **January 3, 2025**  

　　　　　　　　　　　　　　　　　　　STANLEY A. BOONE
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge